UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Brian Gleen Cox,<br><br>     Petitioner,<br> v.<br><br>Jason Bennett,<br><br>     Respondent. | Case No. 3:23-cv-5036-TMC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>August 15, 2024</u> |

The District Court has referred this federal habeas corpus petition, under 28 U.S.C. § 2254, to United States Magistrate Judge Theresa L. Fricke. Petitioner Brian Gleen Fox seeks relief from a state court conviction in Thurston County Superior Court. Dkt. 6.

The Court concludes the statute of limitations under 28 U.S.C. § 2244(d)(1)(A) bars review, and therefore, recommends that the petition should be dismissed with prejudice as time-barred. If the District Judge concludes the petition is timely, the undersigned requests the petition be re-referred to the undersigned Magistrate Judge to review the merits of the petition.

I. BACKGROUND

Petitioner is in custody under a state court judgment and sentence imposed for his convictions for two counts of solicitation to commit murder in the first degree and one count of violation of a no contact order. Dkt. 13-1 (State Court Record), at 2-12, Exhibit 1 (Judgment and Sentence, Thurston County Cause No. 13-1-00914-9).

REPORT AND RECOMMENDATION - 1

Petitioner appealed from the judgment and sentence to the Washington Court of Appeals. The Washington Court of Appeals initially vacated the convictions, concluding that the trial court violated the right to a public trial by excluding a juror during a sidebar conference. Dkt. 13-1, at 149, Exhibit 7 (Opinion, Court of Appeals Cause No. 45971-0-II). The prosecution sought review by the Washington Supreme Court, which summarily reversed the Washington Court of Appeals and remanded for further proceedings. Dkt. 13-1 at 155, Exhibit 8 (Petition for Review, Supreme Court Cause No. 91824-4); Dkt. 13-1 at 200, Exhibit 9 (Order, Supreme Court Cause No. 91824-4).

The Washington Court of Appeals subsequently rejected Mr. Cox's claims and affirmed the judgment and sentence on November 8, 2016. Dkt. 13-1 at 14-43,Exhibit 2 (Opinion, Court of Appeals Cause No. 45971-0-II).On November 9, 2016, the State of Washington filed a motion to correct the Court of Appeal's unpublished opinion to "correct a typographical error." Dkt. 13-1, at 220-222, Exhibit 13 (Motion to Correct Unpublished Opinion, Court of Appeals Cause No. 45971-0-II). Specifically, on page 25 of the slip opinion, the Court wrote, "because Lopez-Ortiz was not entitled to the entrapment instruction, as discussed above, his counsel did not perform deficiently when he did not request such an instruction. Accordingly, both Lopez-Ortiz's ineffective assistance of counsel clam and his related entrapment claim are meritless." *Id.* at 221.

The Court erred in writing "Lopez-Ortiz" as opposed to "Brian Cox." *Id.* On November 22, 2016, the Court issued an amended opinion and revised the paragraph identified by the State[1]. Dkt. 13-1 at 224, Exhibit 14 (Order Amending Opinion, Court of

---

[1] The Court requested the parties to submit supplemental briefs addressing if the time for seeking review by the Washington Supreme Court on direct appeal started to run on November 8, 2016 or November 22, 2016. Dkt. 34. As discussed further below, the Court should use November 8, 2016 as the starting date for seeking review.

REPORT AND RECOMMENDATION - 2

1   Appeals Cause No. 45971-0-II). Under Washington Rule of Appellate Procedure (RAP)
2   13.4(a), Mr. Cox had 30 days from November 8, 2016, to file a petition for review.
3         Mr. Cox did not file a motion under RAP 13.4; because he did not seek review by
4   the Washington Supreme Court, the mandate issued on January 25, 2017. Dkt. 13-1 at
5   225, Exhibit 15 (Mandate, Court of Appeals Cause No. 45971-0-II).
6         Petitioner filed a personal restraint petition (PRP) on December 19, 2017, in the
7   Washington Court of Appeals (Court of Appeals). Dkt. 13-2, 1-161, Exhibit 16 (Personal
8   Restraint Petition, Court of Appeals Cause No. 51647-1-II). The Court remanded the
9   matter to Thurston County Superior Court for an evidentiary hearing. Dkt. 13-2 at 337,
10  Exhibit 19 (Order Referring Petition to Panel, Court of Appeals Cause No. 51647-1-II);
11  Dkt. 13-2 at 339-362, Exhibit 20 (Opinion, Court of Appeals Cause No. 51647-1-II); Dkt.
12  13-2 at 364, Exhibit 21 (Mandate, Court of Appeals Cause No. 51647-1-II).
13        After conducting the hearing, the superior court entered findings of fact and
14  conclusions of law, rejecting the claims. Dkt. 13-2 at 366-371, Exhibit 22 (Findings of
15  Fact and Conclusions of Law, Thurston County Cause No. 13-1-00914-9).
16        Mr. Cox appealed to the Washington Court of Appeals. Dkt. 13-2 at 373-430,
17  Exhibit 23 (Brief of Appellant, Court of Appeals Cause No. 82849-5-I). The Washington
18  Court of Appeals affirmed the superior court ruling and denied the claims. Dkt. 13-1 at
19  45-55, Exhibit 3 (Opinion, Court of Appeals Cause No. 82849-5-I).
20        Petitioner then sought review by the Washington Supreme Court. Dkt. 13-2 at
21  583-632, Exhibit 30 (Amended Petition for Review, Supreme Court Cause No. 101293-
22  4). The Washington Supreme Court denied review without comment on January 4,

2023. Dkt. 13-2 at 666, Exhibit 32 (Order, Supreme Court Cause No. 101293-4). Plaintiff signed his federal habeas petition on January 10, 2023. Dkt. 6.

Respondent filed a response and supplemental briefing wherein they assert, in part, that the petition is time-barred by the statute of limitations and should be dismissed with prejudice. Dkt. 12.

II.   ISSUES RAISED IN HABEAS PETITION

Petitioner presents the following grounds for habeas relief:

1. DPA Thompson testified falsely twice. As a result, Mr. Cox was denied his right to due process under the Fourteenth Amendment.

2. The Government suppressed material evidence. As a result, Mr. Cox was denied his Fourteenth Amendment right to due process.

III.   DISCUSSION

A. *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which is codified at 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." If during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 480, 410 (2005).

If a petitioner fails to petition the state's highest court for review, the conviction becomes final when the time for seeking such review elapses. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). In Washington, a petition for review

REPORT AND RECOMMENDATION - 4

in the state supreme court must be filed within thirty days after the entry of the decision of the court of appeals. Wash. RAP 13.4(a). Thus, if a petitioner does not file a petition for review, the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

Here, the Washington Court of Appeals issued the opinion affirming the judgment and sentence on November 8, 2016. The State filed a motion to correct a typographical error in the opinion on November 9, 2016. The Court of Appeals filed an amended opinion on November 22, 2016.

The order correcting the error in the Court of Appeal's opinion affirming Petitioner's judgment and sentence did not alter Petitioner's term of imprisonment, nor did it affect Petitioner's underlying conviction. The correction was more analogous to ministerial changes or a scrivener's error, not a new judgment. *See Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019) (recognizing that an order correcting a scrivener's error in a judgment has no legal consequences and therefore does not constitute a new judgment, while an order that changes the duration of a prisoner's confinement does constitute a new judgment). Although an amended judgment in some circumstances would re-start the AEDPA limitations period, the correction of typographical or scrivener's errors does not lead to a new judgment because the judgment itself does not change, only the written record that erroneously reflects the judgment. *Gonzalez v. Sherman*, 873 F.3d 763, 772 (9th Cir. 2017); *United States v. Greer*, 79 Fed. App'x 974 (9th Cir. 2003) (unpublished disposition); *Marquez v. McDaniel*, 729 F. App'x 583, 584 (9th Cir. 2018) (finding a petition timely based on the date of the corrected judgment when the corrected judgment "effected a change in [the petitioner's] sentence").

The Ninth Circuit has directed reviewing courts to "look to state law to determine what constitutes a new or intervening judgment." *Clayton v. Biter*, 868 F.3d 840, 844 (9th Cir. 2017). The state court in the instant case made it clear it was relying on November 8, 2016 as the date on which the clock started to run for Petitioner to seek discretionary review by the Washington Supreme Court. Petitioner did not file a petition for review. RAP 13.4(a). The Washington Court of Appeals determined as a matter of state law that the time for filing a petition for review ended on December 9, 2016. Dkt. 13 at Exhibit 15 (certifying that the court's opinion "became the decision terminating review of this court of the above entitled case on December 9, 2016."); *see also Wixom*, 264 F.3d at 897-98 (holding that, on direct appeal, it is the decision of the court of appeals affirming the conviction, not the issuance of the mandate, that terminates direct review). Under Washington law, the direct review process ended on December 9, 2016.

The AEDPA limitations period began running on December 9, 2016. See 28 U.S.C. § 2244(d)(1)(A). *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). The limitations period expired one year later, on December 11, 2017.[2] Petitioner filed his PRP December 19, 2017. *See* Dkt. 13 at Exhibit 17. As the PRP was filed after the expiration of the one-year period, the PRP did not toll the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Brown v. Curry*, 451 Fed. Appx. 693 (9th Cir. 2011) (finding the petitioner's state habeas petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute). Petitioner did not file his

---

[2] The statute of limitations period actually expired on December 9, 2017; because December 9, 2017, fell on a Saturday, the Petitioner had until Monday, December 11, 2017, to file his federal petition.

REPORT AND RECOMMENDATION - 6

federal habeas corpus petition until 2023, approximately six years after the limitations period expired.

As Petitioner did not file the federal habeas corpus petition within one year of his direct appeal becoming final; his PRP did not toll the limitations period, and the Court should therefore hold that the federal habeas corpus petition is untimely. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (federal petition is time-barred where state habeas petition is filed after expiration of the statute of limitations).

B.  *Equitable Tolling*

The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued their rights diligently and "some extraordinary circumstance stood in [their] way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of [their] untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005). Petitioner does not argue he is entitled to equitable tolling and fails to demonstrate any extraordinary circumstance prevented him from filing a timely habeas petition. *See* Dkts. 3, 21.

Therefore, Petitioner fails to show he is entitled to equitable tolling and the Petition is barred by the § 2244 limitations period. As the Petition is untimely, the Court declines to consider Respondents' additional arguments regarding the State Court adjudication.

IV.   EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.*

REPORT AND RECOMMENDATION - 7

at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

V.     CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

VI.    CONCLUSION

The habeas corpus petition was filed by petitioner more than one year after the state court judgment became final. There are no extraordinary circumstances in this case requiring the application of equitable tolling principles. Therefore, the Petition is barred by the one-year limitations period imposed under 28 U.S.C. § 2244(d) and should be dismissed with prejudice. No evidentiary hearing is required and a certificate of appealability should be denied.

In the event the District Judge finds the petition was timely, the Court should refer this case back to the Magistrate Judge for review of the merits.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 15, 2024, as noted in the caption.

Dated this 31st day of July, 2024.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9